## AMPAC TRADING COMPANY and Royal Insurance Company of America, Plaintiffs,

v.

## M/V MING SUMMER, her engines, etc.; and the Sanko Steamship Company, Defendants.

### No. C82–647B.

United States District Court, W.D. Washington, at Seattle.

May 16, 1983.

---

Gordon W. Moss of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiffs.

Thomas J. McKey and Jeffrey R. Masi, of Bogle & Gates, Seattle, Wash., for defendants.

## ORDER

BEEKS, Senior District Judge.

Plaintiffs brought this action in rem and in personam alleging nondelivery of 268 bundles of Canadian lumber. The cargo was carried on deck of M/V MING SUMMER which departed Vancouver, British Columbia on January 6, 1982, bound for Dammam, Saudi Arabia. The vessel was chartered by defendant, Sanko Steamship Company. Upon the vessel's departure, Sanko, through its local Seattle agent, Cascade Shipping Company, issued at Seattle, Vancouver/Dammam bills of lading Nos. 2 and 3 for the MING SUMMER voyage 5. The Clause Paramount of the bills of lading in question provide:

> This Bill of Lading shall have effect subject to the provisions of the International Carriage of Goods by Sea Act of Japan, 1957, which shall be deemed to be incorporated herein (except as otherwise

specifically provided, for herein) and nothing herein contained shall be deemed to be a surrender by the Carrier of any of its rights, immunities, exemptions or liberties or an increase of any of its responsibilities or liabilities under said Act.

> This Bill of Lading, if issued in a locality where there is in force a Carriage of Goods by Sea Act or ordinance or statute of similar nature to the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated at Brussells, August 1924, is subject to the provisions of such Act, ordinance or statute and the rules thereto annexed.

> If anything herein contained be inconsistent with said Act or any other provisional law which is held compulsorily applicable, it shall, to the extent of such inconsistency and no further, be null and void. The terms of this Bill of Lading shall be separable and if any part or provision is invalid or unenforceable, such circumstances shall not affect the validity or enforceability of any other part or term hereof.

> Nothing herein contained shall prevent the Carrier for claiming in the courts of any country the benefit of, or derogate in any way from, any statutory protection of limitation of liability afforded to the Carrier or the vessel by the laws of such country or by the laws of the country in which the goods were shipped. The Carrier shall also be entitled to the full benefit of all rights and immunities and all limitations of, or exemptions from, liability contained in any law of the United States, including, but not limited to those provided in or authorized by Sec. 4281 to 4286 inclusive, and Sec. 4289 of the U.S. Revised Statutes and Amendments thereto, or any other country or place whose loss shall be applicable.

Clause 27 of the bills of lading provides:

> Any suit against the Carrier shall be cited in the Tokio District Court in Japan according to Japanese Law to the exclusion of the jurisdiction of the courts of any other country.

In the instant case, since said cargo was shipped on deck and shipped between two foreign ports, the Carriage of Goods by Sea Act, 46 U.S.C. § 1300–1315 (1976) (hereinafter COGSA) does not apply *ex proprio vigore.* See 46 U.S.C. § 1301(c) (1976). COGSA does apply, however, to the extent it was contractually incorporated into the bills of lading.

Defendant moves to dismiss plaintiffs' action. Citing *North River Insurance Co. v. Fed. Sea/Fed Pac Line,* 647 F.2d 985 (9th Cir.1981), defendant maintains that the foreign forum clause (i.e. Clause 27) in the bills of lading divest this court of jurisdiction. The essence of plaintiffs' opposition to said motion is that (1) foreign forum clauses are inconsistent with COGSA, (2) the bills of lading have an "inconsistency resolving clause" within the Clause Paramount which states any inconsistency with COGSA shall be null and void, (3) therefore, the foreign forum clause is null and void and defendant's motion should be dismissed.

The Ninth Circuit in *North River,* however, refutes plaintiffs' basic premise that a foreign forum clause is inconsistent with COGSA. The Ninth Circuit stated:

> Parties may contractually provide for a forum in which to litigate, just as they may contractually agree on COGSA as the governing law with respect to certain parties. *Because the language of COGSA is not inconsistent with the foreign jurisdiction clauses,* we reject the view that COGSA preempts all contract terms when its sole force is by incorporation into a contract for foreign transportation. When international parties contractually provide for COGSA to govern disputes, they need not be barred from determining where they want the disputes to be heard. We hold, therefore, that *Bremen* controls this case, in which COGSA is incorporated into a contract for foreign carriage, outside of the ex proprio vigore coverage of either the Harter Act or COGSA (emphasis added) (citations omitted).

*North River,* at 989. Although the court may not agree with the result reached in *North River,* it is controlling and this court is bound thereby. Hence, the foreign forum clause must be given effect. Plaintiffs' alternative contentions have been considered and the court finds them to be without merit. Accordingly, defendant's motion to dismiss is granted.